### No. 6562.

### JACOB C. VAN WICKLE vs. ALCÉE LANDRY.

A mortgage on property exempt under the homestead act can not be enforced; and the owner of such property may sell the same, *free from the mortgage* he has imposed on it.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Heine*, J.

*Edward Phillips*, for plaintiff and appellant.

*Charles Parlange*, for defendant.

The opinion of the court was delivered by

MANNING, C. J. This suit is upon a promissory note of defendant, the payment of which is secured by a mortgage upon a tract of land containing about sixty-seven acres. The plaintiff asks a payment for the amount of the note and interest, and for the recognition and enforcement of the mortgage.

The defendant admits the execution of the note and mortgage, and denies that the mortgage can be recognized now or enforced hereafter, because the property is exempt from seizure by the provisions of the homestead act of 1865. Rev. Stat. of 1870, sec. 1691.

The court a qua rendered a personal judgment against the defendant for the amount of the note and interest, and sustained his plea of exemption of the land and improvements from seizure.

If this were a nova quaestio in this court, whether the execution of a mortgage by a debtor is not of itself a waiver of the exemption of the property mortgage, we should be inclined to give to this deliberate act of mortgage a significance and effect in keeping with the express declarations of the mortgager, but the scope and effect of the act providing for the exemption has been too often adjudicated by this court to permit its consideration as an original proposition, and it is in deference to the doctrine of stare decisis that we adhere to the ruling already made.

The proof sustains the plea of exemption. The defendant has no other property, nor has his wife, and the land and improvements are not worth more than six hundred dollars. The quantity is less than that allowed in the act. The defendant is the bona fide owner of it, and is the head of a family, and has young children dependent on him for a support, and he occupies it as a home. Plaintiff insists that the judgment should restrict the operation of the exemption to the period when the property in question shall be used as a homestead. It is conceded that a party, in whose favor a certain quantity of property has been adjudicated as exempt from seizure, may sell the exempted property, and his vendee would acquire a title, unincumbered by the mortgage granted before such adjudication. It would seem then that the judgment of exemption is a perpetual bar to the enforcement of that mortgage. The most usual form in which these claims for exemption have come before this court has been an injunction by the debtor, restraining the creditor from subjecting, or attempting to subject, the exempted property to satisfaction of his judgment, and the decree of this court has been a perpetuation of the injunction. Leblanc vs. St. Germain, 23 An. 289. Robert vs. Coco, idem, 199.

If we can not decree the enforcement of the mortgage now because of a legal obstacle, if the law exempts the property from seizure so unqualifiedly that a mortgage voluntarily imposed on it by the debtor is held not to bind it, and if the exemption is so complete that the owner may convey the property by an unincumbered title, it would seem that no future contingency can revivify a mortgage thus declared to be extinct. A mortgage which no court can enforce, when its enforcement is judicially demanded, can not have such validity and vitality as to entitle it to recognition with a view to its future enforcement upon the happening

of an uncertain contingency. The judgments of courts should not be temporary, contingent, or conditional.

The interpretation of the homestead act by this court assures to the debtor, who proves himself to be within its provisions, property of a defined quantity and value, in spite of his own efforts to incumber it, and even annuls the lien himself has placed upon it. The provision thus made for him was intended to be permanent, and can not be restricted by the uncertain contingencies of the future.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is affirmed with costs.

---

### DISSENTING OPINION.

SPENCER, J. I can not concur in the conclusions of the majority of the court in this case.

The homestead act being exceptional in its character, in derogation of common rights, and restrictive of commerce, ought not to be extended beyond the scope of its plain and manifest terms. The law declares that the property of the debtor is the common pledge of his creditors; that real estate may be mortgaged; that contracts not forbid by law or morals are laws between the parties. Laws taking property out of commerce, and out of the operation of these great, universal, and elementary principles can not be extended by construction or intendment. The homestead act does not forbid the sale of the property subject to it, and therefore the debtor may sell it. It does not more forbid the mortgaging of it, and therefore it may be mortgaged. It only says that it shall be exempt from seizure and sale when "*owned* by the debtor," and "*occupied by him* as a residence," and when he "has persons depending upon him for support." All of these conditions must co-exist and concur to give exemption from seizure. As long as these conditions exist the property can not be seized.

That is the full extent of the law. It goes no further, and we can not extend it. It follows that if these conditions do not exist, or, if having existed they cease, the exemption is gone with them. A man can not acquire a vested right to a homestead. The repeal of the law creating it, even after he has had it adjudged to him, will extinguish it. So a change of state in the owner may have the same effect. Thus a widow marrying again, or a married man losing his wife and children depending on him, can not claim the exemption. If the owner, whether before or after having claimed and had adjudged to him a homestead, abandons it as a place of residence, it ceases to be exempt. The law exempts the implements of one's trade by which he gains a living. The books of a lawyer are exempt, but only while they are the implements of his trade.

If he change his profession or cease to practice, they again enter into commerce, and become subject to the ordinary rules of property. Had the debtor in this case at bar sold the property in controversy before claiming the homestead, there is no doubt it would have passed subject to the plaintiff's mortgage and could have been seized and sold to pay it. How can a subsequent sale have a greater effect? How can the decree of this court divest that property of plaintiff's mortgage? Judgments are not creative, but declarative of rights, and assist in their execution.

In my opinion the judgment of the court should stop where the law stops. It should declare the property exempt from seizure and sale under plaintiff's mortgage upon the same conditions that the law declares it exempt, to wit: while *bona fide* owned by the debtor and occupied as a residence, he having persons dependent upon him for support, etc. When these conditions cease to exist, the exemption should cease—*ratione cessante cessat ipsa lex.* A repeal of the homestead law, or what is the same thing, the cessation of the conditions of its operation, extinguishes the rights under it.

I therefore conclude that plaintiff should have judgment for the amount of his debt, with recognition of the mortgage claimed, but suspending the execution of it upon the property as long as the conditions required by law for establishing a homestead exist.